**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JASON VAN DUSEN,

     Petitioner-Appellant,

v.

MARTY SIRMONS, Warden; DREW
EDMONDSON, Attorney General of
the State of Oklahoma,

     Respondents-Appellees.

No. 06-6376
(D.C. No. CIV-06-295-M)
(W.D. Okla.)

---

**ORDER**

---

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

---

Petitioner-Appellant Jason Van Dusen requests a certificate of appealability

("COA"), see 28 U.S.C. § 2253(c), that would enable him to appeal the district

court's decision denying him habeas relief, see 28 U.S.C. § 2254, from his

Oklahoma convictions for first degree rape of a child under fourteen years of age

and rape by instrumentation.[1]  In his habeas petition, Van Dusen first asserts that

his trial attorney was ineffective for waiving the preliminary hearing and for

failing to investigate the case; prepare adequately for trial; call defense witnesses,

including the victim's babysitter, a Department of Human Services employee, the

---

[1]We GRANT Van Dusen's motion to proceed on appeal in forma pauperis.
See 28 U.S.C. § 1915.

victim's twelve-year-old sister, a teacher, and Jessica Denton; seek a psychological expert to evaluate a social worker's interview with the victim; seek an expert to evaluate the results of several physical examinations of the victim; call one of the examining physicians as a witness; better cross-examine the State's witnesses; make an opening statement; and object to the prosecutor's improper arguments. Van Dusen also asserts that the prosecutor acted improperly by making inappropriate remarks during voir dire, trial, closing argument, and sentencing; introducing false testimony; introducing false evidence; suppressing exculpatory evidence; and threatening to charge the victim's mother if she did not testify against Van Dusen. Van Dusen further alleged that an undersheriff eavesdropped on Van Dusen's meetings with his defense attorney; there was insufficient evidence presented at trial to support either of Van Dusen's convictions; the trial judge erred in refusing to respond to a question from jurors during their deliberations; cumulative error warrants habeas relief; and Van Dusen's appellate counsel was ineffective for failing to raise these arguments on direct appeal.

Van Dusen will be entitled to a COA if he can make"a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make such a showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (quotations omitted).  For substantially the reasons stated in the magistrate judge's report and recommendation, adopted by the district court, we conclude Van Dusen has failed to make an adequate showing in this case.  We, therefore, DENY his motion for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge